IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CARL LAMONT BRANDON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-132 |
| | ) | (Formerly CR 112-253) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 10). None of Petitioner's objections call into question the Magistrate Judge's conclusion that Petitioner's motion filed pursuant to 28 U.S.C. § 2255 is without merit, although one objection warrants specific comment.

Citing Gall v. United States, 552 U.S. 38 (2007), Petitioner claims the Magistrate Judge failed to address all of the ineffective assistance of appellate counsel claims because the R&R did not consider whether counsel should have argued "the enhancements for upward variances were reasonable and whether the sentence as a whole was substantially (sic) reasonable." (Doc. no. 10, p. 3.) First, Petitioner does not identify where in his § 2255 motion he raised the argument that appellate counsel should have argued the sentence imposed was substantively unreasonable. Petitioner argued about enhancements applied pursuant to the Guidelines - Grounds One, Two, Six, and Seven - but he never raised any issue about the substantive reasonableness of his above-the-Guidelines, but within the

statutory maximum, sentence. Second, Petitioner's reliance on Gall for the proposition the Magistrate Judge should have automatically analyzed on collateral review a claim Petitioner never made about his sentence, or appellate counsel's consideration thereof, is misplaced in that the Supreme Court was considering a sentence on *direct* appeal. In Gall, the Supreme Court held courts of appeals must review all sentences under a deferential abuse-of-discretion standard, considering not only the procedural soundness of calculating the sentence but also the substantive reasonableness of a sentence. Gall, 552 U.S. at 51.

Petitioner now asserts his seven constitutional claims, "based on the same set of facts about considerations of the Section 3553(a) sentencing factors," alerted the Court to a claim that failing to consider § 3553(a) factors could result in a procedurally and "substantially" (sic) unreasonable sentence that should have been challenged on appeal. (Doc. no. 10, p. 3.) Mr. Murdison did not perform in an objectively unreasonable manner in failing to raise such a challenge. See Strickland v. Washington, 466 U.S. 668, 688 (1984).

At Petitioner's sentencing, the Court clearly explained its reasons for imposing an above-the-Guidelines range sentence, including its careful consideration of the factors set forth in 18 U.S.C. § 3553(a).

> All right. The Court is now ready to impose the sentence. I have listened to the defendant and his counsel. I have carefully reviewed the presentence report. I have carefully considered the factors set forth in 18 U.S.C. § 3553(a). Specifically, the Court has paid very close attention to the nature and circumstances of this offense, the history and characteristics of this defendant, the need to promote respect for the law to afford adequate deterrence to further criminal conduct, and to protect the public from further crimes of this defendant.
>
> In reviewing those factors the Court finds that in this case the defendant, after having served over two decades in state custody for a very serious series of violent crimes, was released on parole and within a very short

> period of time was armed which is particularly disturbing in light of his previous record of violence, including violence against a police officer, and was committing the crime -- albeit, a shoplifting crime, but, nevertheless, an indication of the defendant's lack of respect for the law and for the apparent failure of the previous conviction and punishment to deter him from future criminal conduct.
>
> Furthermore, the Court notes that following the commission of the shoplifting at the local Walmart the defendant left the scene at a high rate of speed through a commercial business parking lot -- in this case a Lowe's; I believe a Lowe's parking lot -- putting at risk the lives and welfare of the many customers and employees of both that store and those located within the shopping center and then the escape and pursuit continued down a two-lane road in the Martinez area finally culminating in a traffic stop and the arrest of the defendant.
>
> Upon the arrest or once the defendant was apprehended he was then found -- or his car was found to be in possession of a firearm and, obviously, as the occupant of the car, he was likewise in possession of that firearm. While the actual shoplifting offense the Court has previously mentioned is a minor type offense, nevertheless, it does reflect a very serious flaw in the character of this defendant and the fact that he put members of the public at serious risk in his effort to escape apprehension by law enforcement.
>
> Those facts have weighed heavily on the Court in reviewing the 3553(a) factors in arriving at the Court's decision as to the appropriate sentence in this case. . . .
>
> In imposing this sentence the Court, relying upon the 3553(a) factors and the Court's findings of fact, has conducted a variance from the advisory guideline range. Clearly, the Court has found that a sentence outside of the advisory range is appropriate in this case and, therefore, has imposed such a sentence.

CR 112-253, doc. no. 82, pp. 84-87. Therefore, even if Petitioner had raised a claim that his appellate counsel was ineffective for failing to challenge the substantive reasonableness of the sentence, in light of the extensive reasons provided for imposing an above-the Guidelines range sentence, Petitioner cannot satisfy the requisite <u>Strickland</u> standard.

Accordingly, the Court **OVERRULES** all of Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and therefore **DENIES** Petitioner's § 2255 motion.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 31st day of August, 2017, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.